**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4348**

---

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

DENNIS RAY HOWARD, a/k/a D,

               Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:12-cr-00009-D-1)

---

Submitted: January 19, 2016       Decided: February 3, 2016

---

Before MOTZ and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Joshua B. Howard, GAMMON, HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Dennis Ray Howard of conspiracy to distribute and possess with intent to distribute phencyclidine ("PCP"), in violation of 21 U.S.C. § 846 (2012); nine counts of distribution of PCP, in violation of 21 U.S.C. § 841(a) (2012); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012). The district court originally sentenced Howard to life imprisonment plus a consecutive mandatory minimum sentence of 60 months of imprisonment for the firearm count. Howard appealed and we affirmed the convictions, but vacated the sentence and remanded for resentencing, finding that the sentence was substantively unreasonable. See United States v. Howard, 773 F.3d 519 (4th Cir. 2014).

Upon resentencing, the court sentenced Howard to 175 months of imprisonment for the drug convictions, plus the consecutive statutory mandatory minimum of 60 months for the firearm conviction. Howard again appeals, arguing that the sentence is substantively unreasonable. Finding no error, we affirm.

We review a sentence for abuse of discretion, determining whether the sentence is procedurally and substantively reasonable. United States v. Heath, 559 F.3d 263, 266 (4th Cir. 2009). "If no procedural error was committed, [we] can only vacate a sentence if it was substantively unreasonable in light

2

of all relevant facts."  Id. (internal quotation marks omitted); see also United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) ("[A]n appellate court must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court.").  We have thoroughly reviewed the record and conclude that the sentence is substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED